# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

       Plaintiff,                  :        Case No. 3:07-cr-168

                                    District Judge Walter Herbert Rice
   -vs-                                Magistrate Judge Michael R. Merz

                                 :

CHARLES MACK ANDERSON,

       Defendant.

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Motion to Vacate, Set Aside, or Correct a Sentence, pursuant to 28 U.S.C. §2255 (Doc. No. 33). On the Magistrate Judge's Order, the United States filed an Answer on May 17, 2010 (Doc. No. 36). Within the time allowed by the Order for Answer, Defendant has filed a Notice of Supplemental Authority, calling the Court's attention to *Carr v. United States*, 560 U.S. ___, 130 S. Ct. 2229 (2010). At the Court's request, the United States has filed a Reply to the Supplemental Authority (Doc. No. 39).

### Relevant Chronology

The following relevant dates are uncontested, demonstrated by the public record, or taken from published opinions of the Sixth Circuit or the Supreme Court.

| | |
|---|---|
| June 28, 2006 | Petitioner is convicted in Florida of the offense underlying his registration obligation. |
| July 27, 2006 | President signed the Sex Offender Registration and Notification Act |

1

("SORNA").

| | |
|---|---|
| August 19, 2007 to September 11, 2007 | Defendant Anderson traveled in interstate commerce and knowingly failed to register and update a registration as a sex offender in violation of 18 U.S.C. § 2250(a). |
| October 24, 2007 | Defendant indicted in this case for acts in August-September, 2007. |
| December 28, 2007 | Defendant pleads guilty pursuant to a Plea Agreement (Doc. Nos. 18, 19). |
| August 1, 2008 | SORNA became effective as to persons whose underlying requirement to register arose before July 27, 2006. *United States v. Cain*, 583 F.3d 408 (6th Cir. 2009); *United States v. Utesch*, 596 F. 3d 302 (6th Cir. 2010). |
| December 30, 2008 | Defendant is sentenced to thirty months imprisonment, followed by supervised release for life. Defendant's right to appeal, including the right to do so *in forma pauperis*, and the time within which an appeal must be taken are explained to him. |
| January 9, 2009 | last date on which Defendant could have taken an appeal to the Sixth Circuit. |
| October 13, 2009 | Sixth Circuit decides *United States v. Cain*, *supra*. |
| March 2, 2010 | Sixth Circuit decides *United States v. Utesch*, *supra*, clarifying *Cain* to specify that the effective date of the Attorney General's retroactivity regulations under SORNA is August 1, 2008. |
| April 6, 2010 | Defendant files instant § 2255 Motion (Doc. No. 33) |
| June 1, 2010 | Supreme Court decides *Carr v. United States, supra.*, holding that interstate travel without registration before enactment of the SORNA is not a criminal act. |

## Analysis

The United States argues that Defendant's Motion is barred by the one-year statute of limitations enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"). 28 U.S.C. § 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
>
> > (1) the date on which the judgment of conviction becomes final;

2

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The United States notes that this Motion was obviously filed outside the one-year limit from the date of finality. It argues that Defendant cannot come within § 2255(f)(4) because new case law does not constitute a fact (Answer, Doc. No. 36, PageID 106). However, Defendant never makes that argument.

Instead, Defendant argues his late filing is excused by equitable tolling. The Supreme Court has held that equitable tolling is available for the one-year statute of limitations in 28 U.S.C. § 2244 for habeas corpus petitions under 28 U.S.C. § 2254. *Holland v. Florida*, 560 U.S. ___, 2010 U.S. LEXIS 4946 (2010). Because the § 2255(f) limitations period is *in pari materia* with that in § 2244, both having been adopted as part of the AEDPA, there is no reason to believe the Supreme Court would not reach the same conclusion as to § 2255(f). Equitable tolling is ordinarily available against the United States as it would be against another litigant. *Irwin v. Veterans Administration,* 498 U.S. 89 (1991).

If Petitioner's case were presently pending on direct appeal, he would clearly be entitled to

3

a dismissal of the indictment because the conduct he committed – interstate travel while being required to register – occurred before SORNA was applicable to him, to wit, before August 1, 2008. *Cain* and *Utesch* make it clear this is an issue which can be raised on direct appeal.  Because it could have been thus raised and was not and because Mr. Anderson cannot now raise it on direct appeal, he is barred by his procedural default in failing to appeal, unless he can provide an excuse for the procedural default.  *United States v. Frady*, 456 U.S. 152 (1982).

> Actual innocence of the charged crime will excuse a procedural default.
>
>> [I]f a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup v. Delo*, 513 U.S. 298, 316 (1995) ." Thus, the threshold inquiry is whether "new facts raise[] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 140 L. Ed. 2d 828, 118 S. Ct. 1604 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321.

*Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005).  Defendant's evidence of actual innocence is the strongest possible: the Sixth Circuit has held that the acts he committed are not criminal acts because SORNA does not apply to him.

*Souter* also provides Defendant with an excuse for failing to file within the statute.  It holds that equitable tolling of the one-year limitations period based on a credible showing of actual innocence is appropriate.  The court was technically ruling that such an actual innocence exception

4

applies to the one-year statute of limitations in 28 U.S.C. § 2244(d) for § 2254 cases, but the same reasoning from Congressional intent would apply to 28 U.S.C. § 2255(f), which was also adopted as part of the AEDPA.

> In determining whether equitable tolling should apply, a court must consider the following five factors: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Souter,* 395 F.3d at 588, *quoting Dunlap v. United States*, 250 F.3d 1001, 1008 (*citing Andrews v. Orr*, 851 F.2d 146, 152 (6th Cir. 1988)).  "[T]hese factors are not necessarily comprehensive and they are not all relevant in all cases. Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." *Id..,  quoting Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002) (*citing Cook v. Steagall,* 295 F.3d 517, 521).

In this particular case, the Court has no evidence respecting Defendant's notice of the one-year filing requirement.  However, his counsel moved very promptly to file this Motion after the *Utesch* decision and the United States does not claim any prejudice.

The Court agrees with Government counsel's argument that

> As a practical matter, if, as Anderson suggests, it is fair to toll the 1-year limitation until such time as the Court of Appeals ruled, particularly where Anderson is asserting that he was convicted of something that the Court of Appeals has now determined was not a crime, then the 1-year limitation should be tolled indefinitely, given that, at any day, some appellate court may issue a decision interpreting some criminal statute. This would render the 1-year limitation a nullity.

(Answer, Doc. No. 36, PageID 108, citing *E.J.R.E. v. United States,* 453 F.3d 1094 (8th Cir. 2006)). While the logic of *E.J.R.E.* may be persuasive, *Souter* is, in this judicial officer's opinion, controlling authority to the contrary.

Given that the Defendant filed his Motion within a month after *Utesch* was decided, the

5

Magistrate Judge concludes he should receive the benefit of equitable tolling. *Compare Solomon v. United States*, 467 F.3d 928 (6th Cir. 2006)(Undersigned reversed for failing to allow equitable tolling where petitioner filed June 26, 1997, and statute of limitations had run April 24, 1997; petitioner offered no excuse for failing to file from March, 1993, to March, 1997 .)

Based on the foregoing analysis, it is respectfully recommended that the Motion to Vacate be granted and the Indictment herein be dismissed with prejudice.

July 8, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).